IN RE THE MATTER OF THE APPLICATION OF BILLY WADE PATTON FOR A WRIT OF HABEAS CORPUS.

No. 11546.
Decided Oct. 31, 1968.
446 P.2d 430.

Edward Yelsa (argued), Anaconda, Charles Joslyn (argued), Helena, for appellant.

John L. Hammer (argued), Rocker, for respondent.

## MEMO OPINION

PER CURIAM.

This is an appeal from an order granting a writ of habeas corpus discharging a defendant from custody.

A strange set of facts appear. On August 14, 1968, a proceeding was had in Deer Lodge County on an application for a writ of habeas corpus. On August 13, 1968, a petition for a writ of habeas corpus was filed; on the same day an order by the district judge was made granting a writ, ordering the sheriff to have defendant Patton before the court at 10:00 a.m.

the following day. The writ was served on the county attorney, but a copy of the petition was not.

At 10:00 a.m. on August 14, 1968, the defendant and his counsel and the county attorney were present before the court. Thereafter occurred what we refer to above as a strange set of facts. The transcript reveals a statement by counsel for defendant, a request by the county attorney for a continuance for time to answer, a request by the county attorney to offer evidence, and for all that appears a complete lack of evidence, testimony or other matters to support the petition for a writ of habeas corpus. We shall not burden this opinion with the petition. Suffice it to say that the petition, standing alone, is at best doubtfully sufficient to support the granting of a writ in the first instance.

The district court refused to allow evidence, did not take testimony to support the petition, and summarily ordered the defendant released.

Standing alone, our description looks impossible, but we can only surmise that perhaps the district court was aware of matters not in the record. It seems that a warrant of arrest for a felony committed in Oklahoma was outstanding in that state, and the Montana authorities were so advised. Also, at least three criminal complaints had been filed in Montana; one a fugitive warrant in Federal Court which had been dismissed, one a complaint charging burglary in Gallatin County, one a complaint charging receiving stolen property in Deer Lodge County.

Additionally, after dismissal of the last named complaint, the county attorney of Deer Lodge County filed a complaint charging an offense in Oklahoma. This strange complaint apparently is not couched in terms of a fugitive complaint. But irrespective of any supposed irregularities, no formal hearing was held. The defendant petitioner did not prove even his correct name! This appellate court does not know whether the defendant was legally or illegally held; and since no hearing was had, neither did

the district court. Thus it appears that the order granting release of the defendant was in error.

We are now told by State's counsel that formal extradition proceedings have been had, and that the Governor has issued a rendition warrant based upon the State of Oklahoma charges.

By what has heretofore been recited, it is apparent that the summary order of the district court ordering the defendant's release was in error. Thus the order is set aside and the cause returned to the district court for further proceedings if such be deemed necessary.

On this appeal the defendant has filed what is termed a consolidated motion seeking dismissal of the appeal as frivolous, affirmance of the district court order, and damages for appeal without merit. It is apparent that the consolidated motions are without merit and they are denied.